The Honorable Dwight Fite State Representative 1003 Highway 35 Benton, AR 72015-5814
Dear Representative Fite:
I am writing in response to your request for my opinion on a series of questions you have submitted on behalf of a constituent. I will paraphrase these questions as follows:
 1. Does the witness fee provided for in A.C.A. § 16-43-208 apply only to subpoenas being served on witnesses served by the sheriff of the county?
 2. Pursuant to provisions of A.C.A. § 16-43-208, how is service provided for witnesses who live in one county but are called to testify in another?
 3. Are police officers who are called to testify by the prosecution allowed to receive a witness fee plus mileage at the expense of the county? Are other witnesses called by the prosecution allowed to receive this same fee? If not, isn't that discrimination?
 4. Are police officers who are called to testify by the defendant allowed to receive a witness fee plus mileage? Are other witnesses called by the defense allowed to receive this same fee? If not, isn't that discrimination?
 5. If several different charges against a defendant are consolidated into one trial, is that defendant allowed six witnesses for each misdemeanor charge and/or twelve witnesses for each felony charge?
 6. Is a misdemeanor defendant limited to four or six witnesses if he is being tried on four separate charges in one trial?
 7. Why do some police officers receive overtime pay for attendance at trial, whereas private citizens receive only a witness fee?
 8. Is the practice of requiring defendants to pay for subpoena service and witness fees contrary to provisions of A.C.A. § 16-43-208?
 9. What statute, rule or regulation gives the Saline County Sheriff or Saline County Judge authority to retain any portion of bond money paid by a private citizen to release an individual from custody?
 10. Since Act 1778 of 2003 makes no mention of bond money from private citizens, what authority are Arkansas counties relying on to retain a portion of privately paid bond fees?
RESPONSE
I must respectfully decline to answer your questions. The constituent who asked you to pose these questions reports that he was the defendant in an action in which the issues itemized above arose. He apparently is dissatisfied with the way the court and various county officials discharged their duties with respect to such matters as issuing subpoenas, authorizing witness fees and handling the payment of bond. These case-specific matters are ones that should properly be addressed to a trial court and, if the defendant contests the court's disposition, to an appellate court. In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid second-guessing a court's disposition of a particular case. Moreover, although I am required to provide my opinion on certain matters of law to members of the General Assembly and various state officials, see A.C.A. § 25-16-706, I am prohibited from engaging in the private practice of law. A.C.A. § 25-16-701. Accordingly, if your constituent wishes to contest what happened in his case, he should seek vindication through private counsel.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh